UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LISA M. BARDSLEY and<br>LANDON R. BARDSLEY-FLORAN,<br><br>Plaintiff<br><br>v.<br><br>NARRAGUAGUS JR./SR.<br>HIGH SCHOOL et al.,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)  No. 1:25-cv-00343-LEW<br>)<br>)<br>)<br>)<br>) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

In her pro se complaint, Lisa M. Bardsley brings equal protection and Individuals with Disaiblities Education Act (IDEA) claims on behalf of her eighteen-year-old son Landon R. Bardsley-Floran against Narraguagus Jr./Sr. High School, the State of Maine, and President Donald J. Trump. *See* Complaint (ECF No. 1). Notwithstanding Bardsley's failure to file proof of proper service[1], Narraguagus has now filed a motion to dismiss her complaint, arguing that Bardsley is not authorized to bring claims on her son's behalf and that, to the extent she invokes the IDEA, her claims fail because she does not allege that she ever requested a due process hearing with the Maine Department of Education or otherwise exhausted her administrative remedies. *See* Motion (ECF No. 16). Bardsley did not respond to the motion.

---

[1] Bardsley purported to file proof of service on the Defendants, *see* ECF No. 14, but only filed documents showing that she mailed the complaint and summons to each defendant, which is not sufficient to effectuate service under Fed. R. Civ. P. 4.

1

Narraguagus is correct that Bardsley is generally prohibited from litigating claims on behalf of her son. *See Crippa v. Johnston*, No. 91-1676, 1992 WL 245716, at *1 (1st Cir. Oct. 1, 1992) (holding, under 28 U.S.C. § 1654, that a non-attorney mother could not bring civil rights claims on her children's behalf in federal court). And, while she may be entitled to litigate IDEA claims as a parent, *see Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007), Bardsley's complaint fails to state a claim under the IDEA where she does not allege that she exhausted her administrative remedies before bringing suit, *see Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 51-52 (1st Cir. 2000) (holding that a parent must "invoke the due process hearing procedures of" the IDEA before filing a claim in federal court).

Accordingly, I recommend that the Court **GRANT** Narraguagus's motion, **DISMISS** Bardsley's complaint as to all the Defendants[2], and **MOOT** Bardsley's nonsensical motion to address the Court (ECF No. 17) and any other pending motions.

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: October 7, 2025                    /s/ Karen Frink Wolf
                                          United States Magistrate Judge

---

[2] "A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of the moving defendants or where the claims against all defendants are integrally related." *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993).